IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Columbia Dentistry, LLC, *successor in interest* ) | C/A No. 3:18-865-JMC-PJG |
| *The Dental Team, USA*; Dr. Annette I. Riley; ) | |
| Roy Riley Bey, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Emmen Holdings, LLC; Madna Holdings, ) | |
| LLC; Nassimi Reality, LLC; Eakjv Holding, ) | |
| LLC; Nassimi Brick Plaza, Inc.; Nassimi Soho ) | |
| Development, LLC, *successor in interest* ) | |
| *Dutch Square, LLC*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiffs, proceeding *pro se*, bring this civil action pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes the action should be summarily dismissed without prejudice and issuance and service of process.

## I.    Factual and Procedural Background

Plaintiffs, Columbia Dentistry, LLC and its owners, Plaintiffs Dr. Annette I. Riley and Roy Riley Bey indicate the defendants brought an eviction action against them in state magistrate's court on March 27, 2018. Plaintiffs filed this action on March 29, 2018 with a pleading titled " 'Emergency' Notice of Appeal; Stay and Injunction; Regarding Order and Ejectment; Dutch Fork; [ . . . ] Rule to Show Cause." (Compl., ECF No. 1 at 1.) In the pleading, Plaintiffs indicate that the particular magistrate court location at which the defendants brought their eviction action is not a

PJG

proper venue. (Id.) Plaintiffs indicate that Defendant Dutch Square, LLC is their landlord at a commercial property. (Id. at 2.) However, Plaintiffs allege that Dutch Square, LLC does not actually own the property. (Id.) Plaintiffs indicate they have been defrauded because they made upgrades to their tenement for which they deserve compensation. (Id. at 2-3.) Plaintiffs ask the court to issue a stay and injunction against an order issued by a state magistrate's court and to order the defendants to cease and desist from any debt collection practices toward Plaintiffs, and they seek damages against the defendants. (Id. at 3-4.)

By order dated April 3, 2018, the court warned Plaintiff Columbia Dentistry, LLC that it cannot proceed without counsel because it is a corporate litigant. (ECF No. 5 at 1.) The court provided Columbia Dentistry, LLC fifty days to obtain counsel and warned it that the case could be dismissed for failure to comply with the order. (Id.) Columbia Dentistry, LLC failed to respond to the order and the deadline for responding has passed. (ECF No. 11.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).



In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[1] Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### B.    Plaintiff Columbia Dentistry, LLC

Plaintiff Columbia Dentistry, LLC should be summarily dismissed from this case for failure to obtain counsel, failure to comply with an order of the court, and failure to prosecute. While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does

---

[1]Although the Iqbal Court was addressing pleading standards in the procedural context of a Rule 12(b)(6) motion, the court finds that those standards also apply in the court's initial screening of a complaint pursuant to §§ 1915(e)(2) and 1915A, since Iqbal discusses the general pleading standards of Rule 8, which apply in all civil actions. Iqbal, 129 S. Ct. at 1949-51. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Rule 12(b)(6). See McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").



not extend that right to represent other parties. "Courts [] have interpreted this section to preclude a corporation from appearing through a lay representative." Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) (collecting cases); see also Ashbaugh v. Corp. of Bolivar, 481 F. App'x 840 (4th Cir. 2012) (citing Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993)). As explained above, Columbia Dentistry, LLC failed to obtain counsel when ordered to do so by the court. Moreover, Columbia Dentistry, LLC failed to even file a response to the court's order. See Fed. R. Civ. P. 41(b); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) ("The district court had authority under Rule 41(b) to dismiss the case with prejudice, on its own motion, for failure to prosecute."); see also Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d 887 (4th Cir. 1998) (Table) (finding district court did not abuse its discretion in entering default judgment against defendant corporation that failed to comply with the court's order to obtain counsel). Thus, Columbia Dentistry, LLC should be dismissed from this action.

### C.    Plaintiffs Dr. Annette I. Riley and Roy Riley Bey

Plaintiffs Dr. Annette I. Riley and Roy Riley Bey should be summarily dismissed from this matter because they seek relief that is not available in this court. First, Plaintiffs seek to enjoin a state court magistrate's order from an eviction action. But such an action is barred by the Anti-Injunction Act. See 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where



necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); see also Employ'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1129-30 (4th Cir. 1995). And Plaintiffs fail to assert any facts that would show an exception listed in the Anti-Injunction Act applies here. Plaintiffs also indicate they seek to appeal the state court order, but such relief is not cognizable in federal courts. See Gurley v. Superior Court of Mecklenburg Cty., 411 F.2d 586, 587 (1969) (explaining that federal courts have no appellate jurisdiction over state courts).

To the extent Plaintiffs raise a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 2601 et seq. ("FDCPA"), asking for the defendants to cease and desist from "any further abusive debt collection practices," (Compl., ECF No. 1 at 4), they fail to allege any facts that would plausibly show the defendants have engaged in an act or activity prohibited by the FDCPA. See generally Boosahda v. Providence Dane LLC, 462 F. App'x 331, 333 n.3 (4th Cir. 2012) ("To establish an FDCPA claim, a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.' ") (quoting Ruggia v. Wash. Mut., 719 F. Supp. 2d 642, 647 (E.D. Va. 2010)).

Accordingly, Plaintiffs Dr. Annette I. Riley and Roy Riley Bey seek relief that is not available in this court, and they fail to raise a claim that is cognizable. Therefore, these Plaintiffs should be dismissed pursuant to 28 U.S.C. § 1915 for their failure to state a claim upon which relief can be granted. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.

PJG

### III.  Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

July 9, 2018
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).