# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Columbia Dentistry, LLC, *successor in interest The Dental Team, USA*; Dr. Annette I. Riley; Roy Riley Bey, | ) ) ) ) | Civil Action No.: 3:18-cv-00865-JMC |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| Emmen Holdings, LLC; Madna Holdings, LLC; Nassimi Reality, LLC; Eakjv Holding, LLC; Nassimi Brick Plaza, Inc.; Nassimi Soho Development LLC, *successor in interest Dutch Square, LLC*, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

On March 29, 2018, Columbia Dentistry, LLC, Dr. Annette L. Riley, and Roy Riley Bey ("Plaintiffs"), proceeding *pro se*, filed a complaint requesting an immediate stay and injunction in response to an eviction notice previously delivered by Emmen Holdings, LLC, Madna Holdings LLC, Nassimi Reality, LLC, Eakjv Holding, LLC, Nassimi Brick Plaza, Inc., and Nassimi Soho Development, LLC ("Defendants") (ECF No. 1).

This matter is before the court upon review of Magistrate Judge Gossett's Report and Recommendation ("Report") (ECF No. 14), filed on July 9, 2018. In the Report, the Magistrate Judge found Plaintiffs to be seeking relief unavailable from this court and that Plaintiff had no cognizable claim (ECF No. 14). As such, the Magistrate Judge's Report recommends the Complaint (ECF No. 1) be summarily dismissed without prejudice and without issuance and service of process (ECF No. 14).

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with this court. *Id.* at 271. The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(3).

The parties were advised of their right to file objections to the Report. (ECF No. 14 at 7.) However, neither party filed any objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such a recommendation. See 28 U.S.C. § 636(b)(1); *see also Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[T]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (quoting *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. Plaintiff did not notify the court that he would

like to continue to prosecute this case. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14), dismissing this civil action without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 9, 2018
Columbia, South Carolina